


FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 1 0 2019   ★

LONG ISLAND OFFICE

# ATTACHMENTS

RECEIVED

DEC 1 3 2019

EDNY PRO SE OFFICE

Supreme Court of the State of New York
Appellate Division: Second Judicial Department

D40178
T/nl

_____AD3d_____

Argued - November 7, 2013

REINALDO E. RIVERA, J.P.
MARK C. DILLON
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.

2011-02333

DECISION & ORDER

The People, etc., respondent,
v Troy Totesau, appellant.

(Ind. No. 1916/09)

Marianne Karas, Thornwood, N.Y., for appellant, and appellant pro se.

Kathleen M. Rice, District Attorney, Mineola, N.Y. (Andrea M. DiGregorio and Ames C. Grawert of counsel), for respondent.

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered February 7, 2011, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), robbery in the second degree, attempted assault in the second degree (four counts), and unlawful imprisonment in the second degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kase, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

ORDERED that the judgment is affirmed.

The defendant's contention that certain physical evidence found by the police inside the car being driven by the defendant when he was stopped should have been suppressed is without merit.

The defendant's contention that the evidence was legally insufficient to support his

December 26, 2013

Page 1.

PEOPLE v TOTESAU, TROY

conviction of robbery in the first degree under count one of the indictment and burglary in the first degree under count six of the indictment, which are both predicated on the theory that the defendant used or threatened to use a dangerous instrument, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492; *People v Hira*, 100 AD3d 922, 923-924; *People v Serrano*, 74 AD3d 1104, 1105). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15[5]; *People v Danielson*, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, *cert denied* 542 US 946; *People v Bleakley*, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633).

The defendant's contention that the Supreme Court erred in allowing into evidence certain expert testimony regarding DNA found on a ski mask is unpreserved for appellate review (*see* CPL 470.05[2]; *People v Joseph*, 97 AD3d 838, 839; *People v Laigo*, 70 AD3d 970, 971) and, in any event, without merit (*see People v Joseph*, 97 AD3d at 839). Similarly, the defendant's contention that the testimony of several police officers improperly bolstered the complainants' identification testimony (*see People v Trowbridge*, 305 NY 471) is unpreserved for appellate review (*see People v West*, 56 NY2d 662, 663; *People v Lassiter*, 74 AD3d 1094; *People v Melendez*, 51 AD3d 1040, 1041), and, in any event, without merit (*see People v Lassiter*, 74 AD3d at 1094; *People v Moore*, 159 AD2d 521, 522).

The defendant's contention that various remarks made by the prosecutor during the opening statement and the summation were improper and deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05[2]). In any event, while some of the comments would have been better left unsaid, the defendant was not deprived of a fair trial thereby, and any other error in this regard was harmless in light of the overwhelming evidence of the defendant's guilt, and the fact that there is no significant probability that the comments contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242).

The defendant's contention that the Supreme Court improperly failed to conduct a hearing to determine the proper amount of restitution is unpreserved for appellate review (*see* CPL 470.05[2]; *People v Horne*, 97 NY2d 404, 414 n 3; *People v Harris*, 72 AD3d 1110, 1112-1113; *People v Baez*, 52 AD3d 840) and, in any event, without merit, since the Supreme Court properly made a finding of the amount of actual loss sustained by the victims, based upon sufficient evidence in the record (*see People v Kim*, 91 NY2d 407, 410-411; *People v Harris*, 72 AD3d at 1112; *People v Lawson*, 65 AD3d 1380; *People v Charles*, 309 AD2d 873, 874). Similarly, the defendant's contention that the Supreme Court was required to determine his ability to pay is unpreserved for appellate review (*see* CPL 470.05[2]), and, in any event, without merit (*see People v Harris*, 72 AD3d at 1112-1113; *People v Henry*, 64 AD3d 804, 807).

The defendant's remaining contentions, including the remaining contentions raised

in his supplemental pro se brief, are without merit.

RIVERA, J.P., DILLON, CHAMBERS and HINDS-RADIX, JJ., concur.

ENTER:

*Aprilanne Agostino*
Aprilanne Agostino
Clerk of the Court

December 26, 2013

PEOPLE v TOTESAU, TROY

Page 3.

Supreme Court of the State of New York
Appellate Division: Second Judicial Department

D47778
C/hu

_____AD3d_____

REINALDO E. RIVERA, J.P.
MARK C. DILLON
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.

2011-02333                                                   DECISION & ORDER

The People, etc., respondent,
v Troy Totesau, appellant.

(Ind. No. 1916/09)

Troy Totesau, Stormville, NY, appellant pro se.

Madeline Singas, District Attorney, Mineola, NY (Andrea M. DiGregorio and Ames C. Grawert of counsel), for respondent.

Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 26, 2013 (*People v Totesau,* 112 AD3d 977), affirming a judgment of the Supreme Court, Nassau County, rendered February 7, 2011.

ORDERED that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745; *People v Stultz,* 2 NY3d 277).

RIVERA, J.P., DILLON, CHAMBERS and HINDS-RADIX, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

January 27, 2016

PEOPLE v TOTESAU, TROY

# State of New York
# Court of Appeals

BEFORE:  HON. JENNY RIVERA, Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

                                    Respondent,

             -against-

TROY TOTESAU,

                                Appellant.

                                           ORDER
                                    DENYING
                                    LEAVE

     Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure Law § 460.20 from an order in the above-captioned case;*

     UPON the papers filed and due deliberation, it is

     ORDERED that the application is denied.

Dated: June 13, 2016

                                                Associate Judge

*Description of Order:  Order of the Appellate Division, Second Department entered January 27, 2016, denying appellant's application for a writ of error coram nobis.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

              -against-

TROY TOTESAU,

                        Defendant.

-------------------------------------------------------------------x

NOTICE OF ENTRY

Ind. No. 1916N-09
Motion No. C-006

       PLEASE TAKE NOTICE, that the within is a true copy of a Decision and Order of

the Supreme Court of the State of New York, County of Nassau, dated October 1, 2012,

and entered October 3, 2012, in the above-captioned action, filed in the Office of the

Clerk of the County Court of Nassau County, Mineola, New York.

Dated:  Mineola, New York
       November 29, 2012

                          Respectfully submitted,

                          KATHLEEN M. RICE
                          District Attorney, Nassau County
                          262 Old Country Road
                          Mineola, New York 11501
                          (516) 571-3800

TO:    County Court Clerk

       Troy Totesau
       Defendant Pro Se
       DIN 11-A-1106
       Upstate Correctional Facility
       P.O. Box 2000
       309 Bare Hill Road
       Malone, New York  12953

## SUPREME COURT-NASSAU COUNTY

|  |  |
|---|---|
| | Crim. Term:Part 7 |
| | Sup. Ct.: Part 39 |
| **Present: HON. DAVID J. AYRES** | Indictment #1916N-09 |
| County Court Judge and | Motion C-006 |
| Acting Supreme Court Justice | |

_____   **DECISION**

PEOPLE OF THE STATE OF NEW YORK

                                                  : KATHLEEN RICE
                                                  : District Attorney
            -against-                             : Nassau County
                                                  : Mineola, New York
                                                  : By: Andrea M. DiGregorio, Esq.
                                                  : Assistant District Attorney
                                                  :
                                                  :
                                                  : Troy Totesau, Defendant *Pro Se*
TROY TOTESAU,                                     : 11-A-1106
                                                  : Upstate Correctional Facility
                                                  : P.O. Box 2000, 309 Barehill Road
                                                  : Malone, NY 12953
                                                  :
                        Defendant.                :
                                                  :
                                                  :

_____

Defendant TROY TOTESAU, *Pro Se*, moves this Court, by Notice of Motion, dated November 8, 2011, Affidavit dated November 8, 2011, and supporting exhibits thereto, pursuant to CPL § 440.10, for an order vacating judgment herein or, in the alternative, granting a restitution hearing. The People, by Assistant District Attorney, Andrea M. DiGregorio, Esq., have filed an Affirmation in Opposition, dated February 15, 2012, with supporting exhibit, opposing the requested relief in its entirety. In response to the People's opposition papers, the Defendant filed a Reply Affidavit, dated March 12, 2012, with supporting affidavit. Upon full consideration of the submissions herein, as well as the pre-trial hearings and trial transcript, the Court finds as follows.

The Indictment herein charged the Defendant with four counts of Robbery in the First Degree, one count of Robbery in the Second Degree, two counts of Burglary in the First Degree, one

count of Burglary in the Second Degree, five counts of Kidnapping in the Second Degree, five counts of Unlawful Imprisonment in the Second Degree, and four counts of Attempted Assault in the Second Degree. Thereafter, Hon. John L. Kase, in an order dated February 11, 2010, dismissed the five kidnapping counts. The Defendant proceeded to trial by jury herein, which trial commenced on November 30, 2010. At the close of the People's case, the Defendant's application for a trial order of dismissal was granted to the extent that two of the four counts of Robbery in the First Degree (the Second and Fourth Count of the Indictment) were dismissed. The jury returned a verdict on December 10, 2010, finding the Defendant guilty of two counts of Robbery in the First Degree (PL § 160.15[3] and [4]), class B violent felonies; one count of Robbery in the Second Degree (PL § 160.10[1]), a class C violent felony; two counts of Burglary in the First Degree (PL § 140.30[3] and [4]), class B violent felonies; five counts of Unlawful Imprisonment in the Second Degree (PL § 135.05), class A misdemeanors; and four counts of Attempted Assault in the Second Degree (two counts of PL § 110/120.05[6] and two counts of PL § 110/120.05[2]); class E felonies.

Thereafter, on February 7, 2011, the Defendant was sentenced as follows: upon his conviction of each of the two counts of Robbery in the First Degree, a determinate term of twenty-five (25) years imprisonment plus five (5) years post-release supervision; upon his conviction of Robbery in the Second Degree, a determinate term of fifteen (15) years imprisonment plus five (5) years post-release supervision; upon his conviction of each count of the two counts of Burglary in the First Degree, a determinate term of twenty-five (25) years plus five (5) years post-release supervision; upon his conviction of each of the five counts of Unlawful Imprisonment in the Second Degree, a one (1) year jail term; and upon his conviction of each of the four counts of Attempted Assault in the Second Degree, an indeterminate term of 1 1/3 years to 4 years imprisonment. The Court also directed that the Defendant pay restitution of $31,500; as well as a mandatory surcharge of $300, a crime victims assistance fee of $25 and a DNA databank fee of $50; by way of civil

judgment.  Finally, a permanent order of protection was issued herein. On February 17, 2011, the

Defendant filed a Notice of Appeal herein on February 17, 2011. This appeal has been perfected and

is currently pending.

The Defendant now files this motion seeking to vacate judgment herein based upon his claim

that he did not receive effective assistance of counsel.  He cites the following instances to support

his application: (1) defense counsel failed to set forth viable legal grounds to establish why the police

acted without probable cause during the course of pre-trial hearings (2) defense counsel failed to

raise an issue of a <u>Batson</u> violation during the course of jury selection (3) defense counsel failed to

object, during the course of the trial, to prosecutor's use of the term "home invasion" on three

separate occasion, despite trial court's admonition to the prosecutor (4) defense counsel, by asking

the jury to "listen to the DA's opening statement," was asking jurors to accept the People's opening

statement as the truth (5) defense counsel failed to properly cross-examine the People's witnesses

(6) defense counsel did not properly address the issue of the unsworn testimony of a minor (eight

year old) witness at the time of trial (7) DNA evidence was wrongfully admitted during the course

of the trial (8) defense counsel failed to argue, in summation, that the People misrepresented, in the

opening statement, that the certain trial testimony that would be presented (9) defense counsel

utilized the term "home invasion" during the course of summation, causing the defendant prejudice

(10) defense counsel never "readdressed" the contention that a juror had seen defendant in handcuffs

(11) defense counsel failed to adequately address the prosecutor's omission of witnesses' names

from the People's witness list and (12) defense counsel failed to properly object to the Court's jury

charge.

Each of the above arguments set forth by the Defendant are matters that can be ascertained

by the appellate court from the record herein.  Accordingly, pursuant to CPL § 440.10(2)(b), as the

"judgment is . . . pending appeal, and sufficient facts appear on the record with respect to the ground

4

or issue raised upon the motion to permit adequate review thereof upon such appeal," the Court must

deny the defendant's motion to vacate the judgment of conviction herein.

Further, the Defendant raises several issues that are not record-based.  These include the

claim that a juror had seen the defendant wearing handcuffs in the midst of his trial, and that defense

counsel was ineffective because he was under stress at the time of the trial.  With respect to those

arguments, the Court finds that the "motion is based upon the existence or occurrence of facts and

the moving papers do not contain sworn allegations substantiating or tending to substantiate all the

essential facts, as required by [CPL § 440.30(1)]." (CPL § 440.30[4][b]).  Accordingly, the Court

denies the defendant's motion to vacate based upon any asserted claims that are not preserved on the

record for appeal, as the Defendant has not submitted the proper sworn support for these contentions.

Finally, the Defendant requests that the Court set down a restitution hearing pursuant to PL

§ 60.27 with respect to the restitution ordered by the Court in the amount of $31,500 on the date of

sentencing herein.  The Court finds, in reviewing the trial transcript, the pre-sentence investigation

report prepared by the Probation Department herein, and the sentencing minutes herein, there was

a sufficient basis upon which to calculate a proper restitution figure. (See trial transcript, page 396,

and sentencing minutes, page 9).  Specifically, the Court notes that the victims of the crimes herein

initially sustained a total loss of $70,000.  However, during the course of the Defendant's sentencing,

the Court was made aware that $7,000 of that loss had been recovered and was in the possession of

the Nassau County Police Department and/or Nassau County District Attorney's office.  Thus, that

$7,000 was deducted from the total loss, leaving a remaining loss sustained by the victims of

$63,000.  As two defendants were involved in the crimes herein, that loss was divided in half

between the defendants, leaving this defendant TOTESAU responsible for the payment of $31,500.

The Court properly directed the Defendant to pay the sum of $31,500 for the benefit of the victims

herein, by way of civil judgment.  Thus, Defendant's motion for an order scheduling a restitution

hearing herein is denied.

Accordingly, Defendant's motion to vacate judgment herein is denied in its entirety, without the need for a hearing.  Further, Defendant's motion for a restitution hearing is denied as set forth herein.

IT IS SO ORDERED.

Dated: October 1, 2012

Hon. David J. Ayres
County Court Judge and
Acting Justice of the Supreme Court

ENTERED
AND
FILED

OCT 0 3 2012

CLERK'S OFFICE
COUNTY COURT
NASSAU COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

                                                  <u>NOTICE OF ENTRY</u>

         -against-                             Ind. No. 1916N-2009

TROY TOTESAU,

                         Defendant.
-----------------------------------------------------------------x

         PLEASE TAKE NOTICE, that the within is a true copy of a Decision and Order of the

Supreme Court of the State of New York, County of Nassau, dated February 21, 2017, and

filed February 28, 2017, in the above-captioned action, filed in the office of the Clerk of the

County Court of Nassau County, Mineola, New York.

Dated:     Mineola, New York
            March 15, 2019

                                        Respectfully submitted,

                                        MADELINE SINGAS
                                        District Attorney, Nassau County
                                        262 Old Country Road
                                        Mineola, New York 11501
                                        (516) 571-3800

TO:    County Court Clerk

        Troy Totesau – DIN# 11A1106
        Eastern NY Correctional Facility
        30 Institution Road
        PO Box 338
        Napanoch, New York 12458-0338

SUPREME COURT - STATE OF NEW YORK

Present:

**HON. WILLIAM J. O'BRIEN, A.J.S.C.**

Supreme Court Part: 49
Criminal Term Part: 10

----------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

Motion No. C-008
IND# 1916N/2009

Nassau County District Attorney
ADA John B. Latella
262 Old Country Road
Mineola, NY 11501

-against-

TROY TOTESAU,

Defendant(s).

Troy Totesau
Pro Se
DIN 11-A-1106
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

----------------------------------------------------

========================================================

The following papers were read on this motion:                    Papers Numbered

Notice of Motion, Defendant's Affidavit/Memorandum of Law, Exhibit Annexed....    1
People's Affirmation in Opposition/Memorandum of Law, Exhibits Annexed.........    2
Defendant's Reply Affidavit ......................................................................    3

========================================================

The Defendant has moved, *pro se*, for an Order, pursuant to CPL § 440.10(1)(h), vacating the judgement of conviction against him and granting a new trial. The motion pending before this Court is one of several that the Defendant has filed in repeated attempts to vacate his sentence or set aside the verdict. In his current motion, the Defendant argues that his conviction was attained in violation of his Sixth Amendment rights and challenges the admission at trial of the laboratory reports regarding "DNA evidence" and the testimony of the People's expert. The Defendant further claims that his trial counsel was ineffective for failing to object to the People's description of the DNA evidence. The People have submitted an affirmation in opposition. The

Defendant submitted a reply to the People's affirmation. For the reasons stated below, the Defendant's motion is denied in all respects.

On December 10, 2010, the Defendant was convicted after a jury trial of robbery in the first degree (two counts), burglary in the first degree (two counts), robbery in the second degree, attempted assault in the second degree (four counts), and unlawful imprisonment in the second degree (five counts). The Defendant's conviction arose out of a gun-point home invasion robbery which occurred on August 13, 2009. The Defendant, with two companions, bound a family of five, including children, beat the father, and then stole approximately $75,000 in cash and jewelry (Affidavit of ADA John B. Latella, ¶¶ 3-4). In addition to other items linking the Defendant to the incident, he was identified by at least two of the victims as being involved in the incident.

The Defendant was sentenced on February 7, 2011, to determinate terms of imprisonment of twenty-five years each for his first degree robbery and burglary convictions, five years of post-release supervision, and to lesser terms of imprisonment on the remaining convictions. In addition, restitution of $31,500 was imposed (Ayres, J., at trial and sentence).

Prior to perfecting his appeal, the Defendant moved, *pro se*, for an Order setting aside the jury verdict pursuant to CPL § 330.30. Among other things, the Defendant argued that "the DNA evidence was highly suspect". By decision dated February 7, 2011, the trial court denied the motion in its entirety finding that "the Defendant's assertions fail to sufficiently set forth any ground appearing in the record which, if raised upon appeal from a prospective judgment of conviction, would require reversal or modification of the judgment as a matter of law by an appellate court" (Ayres, J.).

The Defendant subsequently moved, *pro se*, to vacate his judgment of conviction pursuant to CPL § 440.10 claiming ineffective assistance of counsel that included, among other things, that defense counsel failed to properly cross-examine the People's witnesses and that the DNA evidence was wrongfully admitted against him. At this point, the Defendant's appeal had been perfected and was currently pending. On October 3, 2012, the trial court (Ayers, J.) denied the defendant's motion in its entirety. Relying on CPL §§440.10(2)(b) and 440.30(4)(b), the

2

Court held, *inter alia*, that the Defendant's claims were procedurally barred. (see Affirmation of ADA John B. Latella, Exhibit 1, pages 3-4).

On December 26, 2013, the Appellate Division affirmed the Defendant's judgment of conviction. The Court found that, among other things, the trial evidence was legally sufficient to establish the Defendant's guilt beyond a reasonable doubt and the guilty verdict was not against the weight of the evidence. People v. Totesau, 112 A.D.3d 977, 978 (2d Dept. 2013), leave denied, 23 N.Y.3d 1068 (2014). With respect to the Defendant's contentions that the trial court erred in allowing into evidence certain expert testimony regarding DNA found on the ski mask, the Court found that this argument was unpreserved for appellate review and, in any event, was without merit. Id. at 978. Finally, the Court found that the Defendant was not denied a fair trial because of certain comments the prosecutor made during the opening statement and the summation, and "any other error in this regard was harmless in light of the overwhelming evidence of the defendant's guilt." Id.

On January 27, 2016, the Appellate Division denied the Defendant's application for a writ of error coram nobis finding that the Defendant failed to establish that he was denied effective assistance of appellate counsel. People v. Totesau, 135 A.D.3d 974 (2d Dept. 2016).

The Defendant now moves, for the second time, to vacate his judgment of conviction pursuant to CPL § 440.10. In this motion, the Defendant claims that the People were permitted to introduce evidence of DNA testing performed on evidence recovered from the crime scene and his buccal swab through the People's expert witness in violation of his constitutional right to confrontation. Citing People v. John, 27 N.Y.3d 294 (2016), the Defendant asserts that the DNA profiles were testimonial and that the People's expert, Sydney Espana of the Nassau County Medical Examiner's Office, "had not personally conducted the DNA test on the black ski mask or on defendant's [DNA] exemplar," that she "admitted to having no involvement with the testing of the ski mask or defendant's exemplar," and that "she only compared the two DNA test results and created a report" (Affidavit of Troy Totesau, ¶ 13, page 7-8). The Defendant argues that because the expert did not perform or observe every stage of the DNA testing process and lacked personal knowledge of the procedures used, the evidence was not admissible. The People

3

oppose and assert, among other things, that these claims are wholly unsubstantiated and should be rejected pursuant to CPL § 440.10(3)(a) (Latella Affirmation, ¶20).

The Defendant's allegations are insufficient to support this motion.  A motion to vacate a judgment of conviction requires the Defendant to "come forward with allegations that raise a triable issue of fact sufficient to challenge the presumed validity of a judgment of conviction." People v. Vasquez, 134 A.D.3d 742, 744 (2d Dept. 2015); People v. Waymon, 65 A.D.3d 708, 709 (2d Dept. 2009).  Motion papers that provide mere conclusory allegations will not support a motion to vacate and are insufficient to warrant a hearing.  People v. Waymon, 65 A.D.3d at 709. "Sworn allegations substantiating or tending to substantiate all of the essential facts are required."  See CPL 440.30 [1] [a]; People v. Session, 34 N.Y.2d 254 (1974).

Aside from the Defendant's own self-serving allegations, many of which are inconsistent with facts within the records available to the Court, the moving papers fail to include sufficient sworn factual allegations. Specifically, the Defendant makes several conclusory assertions regarding Ms. Espana's testimony in order to support his argument that the DNA evidence was testimonial and it was admitted, along with Ms. Espana's testimony, in violation of his Confrontation Clause rights.  The Defendant states that Ms. Espana (1) did not perform or observe any of the tests which were conducted on his exemplar; (2) did not personally conduct the DNA test on the ski mask or the Defendant's exemplar; (3) admitted to having no involvement with the testing of the ski mask or the defendant's exemplar; and (4) only compared the two DNA test results and created a report (Totesau Affidavit, ¶¶ 13-1, pages 7-8).  However, a review of the trial transcript reveals that Ms. Espana's testimony contradicts the Defendant's assertions (Latella Affirmation Exhibit 2, pages 630-632, 636-640).  Ms. Espana testified, among other things, that she compared the DNA profile that she developed from the ski mask to the DNA profile that she developed for the Defendant and concluded that he was a contributor (Latella Affirmation, Exhibit 2, page 631); and she created the report that contained the DNA comparisons (Latella Affirmation Exhibit 2, page 636).

The Defendant cites to People v. John, 27 N.Y.3d 294 (2016) in support of his allegations.  This case concerned a report which created a DNA profile, the result of swabs taken from a gun linked to the defendant, a "targeted individual".  Numerous analysts were involved in

4

the testing process but the only witness that testified about the report was an analyst who merely reviewed the report and functioned as a conduit for the conclusions of others.  The Court held in that case that the admission of laboratory reports regarding DNA profile evidence that meet the parameters of being testimonial in nature violated the Defendant's Sixth Amendment right to confrontation where the People did not produce the analyst or analysts who generated the profiles, effectively insulating them from cross-examination. The Court clarified that the People are not required to present testimony of every analyst who contributed to the process and who developed the reports.  However, under the confrontation clause, where a laboratory report is testimonial in nature, at least one analyst with the requisite personal knowledge must testify. That analyst must be one who witnessed, performed, or supervised the generation of the Defendant's DNA profile, or who used his or her independent analysis on the raw data as opposed to an analyst who functions as a conduit for the conclusions of the others.  People v. John, supra, 27 N.Y.3d 294, 315.

In the instant case, it appears from the trial testimony that the People's expert established that she conducted the analysis linking the Defendant's DNA to the DNA found on the ski mask, and that she created the report that contained the DNA comparisons.  She was also subject to cross examination.  Thus, because the Defendant has failed to provide sworn allegations substantiating or tending to substantiate all of the essential facts that his right of confrontation was violated by the admission of the report or the testimony of the People's expert, the motion is denied.  See People v. Beckham, 142 A.D.3d 556 (2d Dept. 2016); People v. Hernandez, 140 A.D.3d 1187 (2d Dept. 2016); People v. Stahl, 141 A.D.3d 962, 964-965 (3d Dept. 2016).

The Court also agrees that the Defendant's motion should be denied pursuant to CPL §440.10(3)(a).  A court may deny a motion to vacate under CPL § 440.10 when, although facts in support of the claim could with due diligence have readily been made to appear on the record in a manner providing adequate review, the Defendant "unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal."  CPL § 440.10(3)(a).  Even though an "article 440 motion is designed for the purpose of developing facts dehors the trial record, this does not apply to facts that should have been placed on the record during trial."  People v. Gutierrez, 57 A.D.3d 1006, 1007 (2d Dept.

2008).  Furthermore, an objection is required to preserve for review, as a question of law, a claimed denial of the federal right of confrontation.  See People v. Liner, 9 N.Y. 3d 856 (2007); People v. Hamilton, 66 A.D.3d 921 (2d Dept. 2009).

In the instant case, defense counsel could have, but did not, challenge the DNA evidence on Confrontation Clause grounds established by the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004).  A review Ms. Espana's trial testimony reveals that defense counsel stated he had no objection to the admission into evidence of Ms. Espana's case file or the DNA report prepared by Ms. Espana and raised no Confrontation Clause objection immediately before or during her direct examination (see ADA Latella Affirmation, Exhibit 1).  Nor did defense counsel request that the People call any other analysts.  Accordingly, the Defendant's claim that his right of confrontation was violated is denied pursuant to CPL §440.10(3)(a).  See People v. Daly, 140 A.D.3d 593, 594 (1st Dept. 2016) (the court declined to consider defendant's claim that the DNA evidence did not comport with the requirements of People v. John because the claim was unpreserved).

Although it is not entirely clear, it appears that the Defendant argues in his Reply Affidavit that defense counsel could not have challenged at trial the DNA evidence on confrontation clause grounds because People v. John was decided after his appeal (Totesau Reply Affidavit, ¶¶ 5-6).  This contention is incorrect.  Crawford v. Washington, 541 U.S. 36 (2004), which was decided years before the Defendant's trial in 2010, could have provided a basis for a confrontation clause objection of the DNA report and Ms. Espana's testimony during the Defendant's trial if he chose to proceed with that strategy.  See People v. Brown, 13 N.Y.3d 332, 340 (2009); People v. Sanders, 118 A.D.3d 1029, 1030 (2nd Dept. 2014)).  As noted above, the People v. John case, in accord with Crawford, required that at least one analyst who witnessed, performed or supervised the generation of the defendant's DNA profile, or who used his or her independent analysis on the raw data, as opposed to a testifying analyst who functions as a conduit for the conclusions of others, must be available to testify.  People v. John, 27 N.Y.3d at 315.

The People contend that defense counsel's decision to not object to this evidence and testimony was not remiss but rather a strategic legal decision to affirmatively undermine the

6

People's case.  A review of the record reveals that defense counsel zealously cross-examined Ms. Espana, who was certified by the trial court as an expert.  From her testimony, defense counsel successfully elicited that the DNA found on the ski mask could have belonged not only to the Defendant but also statistically to billions of other people and the DNA found on the duct tape was not a match to the Defendant's DNA (Latella Affirmation, Exhibit 2 at page 645).   Trial counsel attempted to establish reasonable doubt and undermine the jury's confidence in the DNA analysis.  See People v. Hobot, 84 N.Y.2d 1021 (1995).

The Defendant also argues that he received ineffective assistance from his trial counsel because his attorney failed to object to certain comments the prosecutor made during the summation which he claims misrepresented the DNA evidence, including the statement that the Defendant's DNA was all over the ski mask (Totesau Affidavit, ¶ 22 at page 11).  The People oppose and assert that the Defendant's claim should be denied pursuant to CPL §§ 440.10(2)(c) and 440.10(3)(c), and that it is meritless.

In order to prevail upon a claim of ineffective assistance of counsel under the federal standard, the Defendant must show that counsel's overall performance was deficient and that he was prejudiced by counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  In establishing deficiency of attorney performance, the Defendant must show that the attorney's performance was objectively unreasonable.  Id. at 689-689.  The Defendant must establish a reasonable probability that but for counsel's errors, the result of the trial would have been different.  Id at 694.  Furthermore, judicial scrutiny of counsel's performance should be highly deferential.  Id.

Similarly, the New York standard for ineffective assistance of counsel also requires that the defendant received "meaningful representation".  See People v. Baldi, 54 N.Y.2d 137 (1991); People v. Galan, 116 A.D.3d 787, 789 (2d Dep't 2014).  However, the prejudice component of the test focuses on "the fairness of the process as a whole rather than its particular impact on the outcome of the case." See People v. Caban, 5 N.Y.3d 143, 156 (2005), People v. Benevento, 91 N.Y.2d 708 (1998); People v. Sanchez, 124 A.D.3d 685 (2d Dep't 2015); People v. Galan, supra, 116 A.D.3d at 789.  Counsel's performance should be "objectively evaluated" to determine whether it was consistent with strategic decisions of a 'reasonably competent attorney' (People v

7

Satterfield, 66 N.Y.2d 796, 799 (1985); People v Angelakos, 70 NY2d 670, 673 (1987))." People v. Benevento, 91 N.Y.2d 708, 712 (1998).

Under either standard, the Defendant's allegations are insufficient to support his claim for effective assistance of counsel. "[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (People v Rivera, 71 N.Y.2d 705, 709 (1988); compare People v. Flores, 84 N.Y.2d 184 (1994) with People v Bennett, 29 N.Y.2d 462, 465 (1972); People v. Droz, 39 N.Y.2d 457, 463 (1976); People v. Gonzalez, 47 N.Y.2d 606, 611 (1979).

It is the Defendant's obligation to have sworn factually supported allegations. See CPL 440.30 [1] [a]. Here, the Defendant's self-serving and otherwise unsupported allegations do not establish the basis for a finding that the Defendant's attorney provided him with objectively unreasonable counsel. The Defendant claims that trial counsel failed to object during the prosecutor's summation comments regarding the DNA evidence which were prosecutorial misconduct (Totesau Affidavit, ¶ 22). However, the Appellate Division noted in its decision of the Defendant's appeal that "while some of the [prosecutor's] comments would have been better left unsaid, the defendant was not deprived a fair trial". People v. Totesau, 112 A.D.3d 977, 978 (2d Dept. 2013). As such, the Appellate Division recognized that the proof against the Defendant was "overwhelming" and rejected the contention that the Defendant's attorney was ineffective. Id.

Finally, the Defendant's failure to support his claims by any documentary evidence or sufficient affidavit authorizes the Court's summary denial of the motion without a hearing. See 440.30(4)(d); People v. Ozuna, 7 N.Y.3d 913 (2006); People v. Waymon, 65 A.D.3d 708 (2d Dept. 2009).

8

Given all of the foregoing, the Defendant's Pro Se motion to set aside the verdict pursuant to CPL §440.10 is denied in all respects.

It is, so ordered.

Dated:  Mineola, New York
        February 21, 2017

WILLIAM J. O'BRIEN, A.J.S.C.

ENTERED
AND
FILED

FEB 23 2017

CLERK'S OFFICE
COUNTY COURT
NASSAU COUNTY

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,                    NOTICE OF ENTRY          (D)

                    -against-                           Ind. No. 1916N-2009

TROY TOTESAU,
                                        Defendant.
--------------------------------------------------------------------x

        PLEASE TAKE NOTICE, that the within is a true copy of a Decision and Order of the

Supreme Court of the State of New York, County of Nassau, dated  June 6, 2019, and filed

June 14, 2019, in the above-captioned action, filed in the office of the Clerk of the County

Court of Nassau County, Mineola, New York.

Dated:      Mineola, New York
            June 18, 2019

                                        Respectfully submitted,

                                        MADELINE SINGAS
                                        District Attorney, Nassau County
                                        262 Old Country Road
                                        Mineola, New York 11501
                                        (516) 571-3800

TO:     County Court Clerk

        Troy Totesau – DIN # 11A1106
        Eastern Correctional Facility
        PO Box 338
        Napanoch, NY 13601

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

CRIM TERM PART 41
Motion seq.: C-009
Ind. No.: 1916N-09

Present : Honorable Helene F. Gugerty, A.S.C.J.

DECISION & ORDER

------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

Madeline Singas, D.A.
By: John Latella
Assistant District Attorney

-Against-

Troy Totesau
Pro Se defendant
DIN- 11A1106
Eastern  Correctional Facility
PO Box 338
Napanoch, NY 13601

TROY TOTESAU,

                         Defendant.

------------------------------------------------------------X

The following papers were read on this motion:                    Papers Numbered

Notice of Motion, Affidavits (Affirmations), Exhibits Annexed................................ 1
Answering Affidavit District Attorney............................................................. 2
Reply................................................................................................... 3

    The defendant, Troy Totesau, (herein referred to as "defendant"), moves by notice of motion

to vacate his judgment of conviction pursuant to C.P.L. §440.10 on the grounds that he was

denied his right to effective assistance of counsel.

    The People, by affirmation of Assistant District Attorney John Latella, dated April 1, 2019,

oppose the application.

<u>Procedural History</u>

The defendant was indicted on September 11, 2009 for four counts of Robbery in the First Degree, two counts of Burglary in the First Degree, one count of Robbery in the Second Degree, one count of Burglary in the Second Degree, five counts of Kidnapping in the Second Degree, five counts of Unlawful Imprisonment in the Second Degree, and four counts of Assault in the Second Degree, for an incident that allegedly occurred on August 13, 2009.  Thereafter, Hon. John L. Kase, in an order dated February 11, 2010, dismissed the five kidnapping counts.

The defendant elected to go to trial on November 30, 2010.  At the close of the People's case, the defendant's application for a trial order of dismissal was granted to the extent that two counts of Robbery in the First Degree were dismissed.  On December 10, 2010, the jury found the defendant guilty of two counts of Robbery in the First Degree, two counts of Burglary in the First Degree, one count of Robbery in the Second Degree, one count of Burglary in the Second Degree, five counts of Unlawful Imprisonment in the Second Degree, and four counts of Attempted Assault in the Second Degree.   On February 7, 2011, the defendant was sentenced to concurrent terms of incarceration, the longest of which was twenty five years, followed by 5 years post release supervision.  In addition, $31,500 restitution was imposed by way of civil judgement (Ayres, J., at trial and sentence).

Prior to perfecting his appeal, the defendant, on November 8, 2011, moved to vacate his judgment of conviction pursuant to Criminal Procedure Law §440.10 claiming ineffective assistance of counsel.  On February 15, 2012, the People opposed the defendant's motion.  On October 1, 2012, the Court denied defendant's motion in its entirety stating the defendant's claims were procedurally barred from review because they were on-the-record claims that could

2

serve as the basis for a direct appeal.

On June 27, 2013, the Appellate Division denied the defendant's leave application.

Defendant appealed from judgment of conviction, and on December 26, 2013, defendant's judgment of conviction was affirmed. *People v. Totesau,* 112 A.D.3d 977 (2d Dept. 2013).

The defendant moved for leave to appeal to the Court of Appeals. On August 28, 2014, defendant's application for leave to the Court of Appeals from the Appellate Division's affirmance was denied. *People v Totesau,* 23 NY3d 1068 (2014).

On August 17, 2015, defendant brought a motion for a Writ of Error Coram Nobis, claiming he was denied effective assistance of appellate counsel. On January 27, 2016, the Appellate Division, Second Department denied defendant's application. *People v. Totesau,* 135 A.D.3d 974 (2d Dept. 2016).

On June 13, 2016, the Court of Appeals denied leave to appeal from the Appellate Division's decision. *People v Totesau,* 27 NY3d 1140 (2016).

On June 10, 2016, defendant brought a second motion to vacate judgment pursuant to Criminal Procedure Law § 440.10, claiming he was denied the right to cross-examine all the witnesses who tested a ski mask that contained DNA, and that he received ineffective assistance from trial counsel. The Supreme Court, (O'Brien, J.), denied defendant's motion. The court determined that defendant had not provided support for his claims, and that the trial transcript refuted his assertions. In addition, the court found that the defendant "unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal." The court also rejected the defendant's ineffective-assistance-of-counsel claim. The court determined that defendant failed to support the claim, and that the

3

Appellate Division had already determined that the prosecutor's summation did not deprive defendant of a fair trial given the overwhelming proof of defendant's guilt.

## Conclusions of Law

In the case at bar, the defendant is now moving for the third time to vacate his judgment of conviction pursuant to Criminal Procedure Law §440.10.  The defendant contends that he was denied effective assistance of counsel due to his attorney's failure to inform him accurately of the sentencing exposure after trial.  The People oppose the application and assert, among other things, that the defendant is procedurally barred purusant to Criminal Procedure Law §440.10(3)(c).  The court finds that the defendant was not denied his constitutional right to effective assistance of counsel.

Criminal Procedure Law § 440.10(3)(c) states that a motion to vacate a judgment may be denied without a hearing when "upon a previous motion to vacate a judgment, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so."

The right to effective assistance of counsel is guaranteed to a defendant in a criminal prosecution under the Federal Constitution (U.S. Const. 6th Amend.) and the New York State Constitution (N.Y. Const. Art. I § 6).

The New York Court of Appeals has equated "effective assistance of counsel" with "meaningful representation" (see, *People v. Baldi*, N.Y.2d 137, 147 (1981)). " So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the

4

constitutional requirement will have been met" *Id.*

This motion to vacate judgment is the defendant's third motion for the same relief. In the defendant's second motion to vacate judgment, defendant alleged ineffective assistance of counsel due to the fact that defense counsel did not object to the prosecutors comments during summation. The defendant does not claim in that 440.10 motion that he was unaware of his sentencing exposure. It would defy logic that the defendant would not at the time of his last motion to vacate judgment make the present allegation. The defendant could have raised the issue set forth in this application on the second application but failed to do so. (*See, People v Dominguez,* 257 AD2d 511 (1st Dept. 1999).

Although there is no time bar for bringing forth a CPL 440 motion, length of delay in bringing such claims tend to reflect on the movant's credibility. (*see, People v McMichael,* 2013 NY Slip Op. 32966 (U), 2013 WL 6230018 (Sup. Ct Kings County) citing *People v Nixon,* 21 NY 2d 388; *Robertson v New York,* 393 US 1067. The defendant's affirmation of fact is self-serving and is unsupported by any other evidence. This Court does not find compelling the defendant's unsupported and self-serving statement that he would have taken the People's pretrial plea offer if he knew his sentencing exposure. In addition, the defendant has brought this motion eight years after the fact with no real justification for why such claims should be heard now, either in a CPL 440 motion, or in the interest of justice. Considering the totality of the circumstances, the Court finds that defense counsel provided adequate representation of the defendant.

Accordingly, it is

ORDERED, that the defendant's motion to vacate the judgment is DENIED in all

5

respects.

The foregoing constitutes the decision and order of this Court.  All applications not specifically addressed herein are denied.

ENTER:

Dated: Mineola, NY
      June 6, 2019

_____
Helene F. Gugerty, J.C.C., A.S.C.J.

ENTERED & FILED

JUN 1 4 2019

CLERK'S OFFICE
NASSAU COUNTY COURT

6

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
----------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,                    NOTICE OF ENTRY

                                    Respondent,          Ind. No. 1916N-2009
                                                         A.D. No. 2019-09038

                    -against-


TROY TOTESAU,

                         Defendant-Appellant.
----------------------------------------------------------------x


        PLEASE TAKE NOTICE, that the within is a true copy of an order of the Supreme Court

of the State of New York, Appellate Division, Second Judicial Department, dated and entered

October 18, 2019, in the above-captioned action, filed in the office of the Clerk of the County Court

of Nassau County, Mineola, New York.

Dated:      Mineola, New York
            October 24, 2019

                                        Respectfully submitted,

                                        MADELINE SINGAS
                                        District Attorney, Nassau County
                                        262 Old Country Road
                                        Mineola, New York 11501
                                        (516) 571-3800

TO:     County Court Clerk

        Troy Totesau – DIN #11A1106
        Eastern NY Correctional Facility
        30 Institution Road
        PO Box 338
        Naponach, NY 12458-0338

# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

M266760
afa/

CHERYL E. CHAMBERS, J.

2019-09038

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Troy Totesau, defendant.

(Ind. No. 1916/09)

Application by the defendant pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this Court from an order of the Supreme Court, Nassau County, dated June 6, 2019, which has been referred to me for determination.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

ORDERED that the application is denied.

CHERYL E. CHAMBERS, J.
Associate Justice

October 18, 2019

PEOPLE v TOTESAU, TROY