1

```
 1   SUPREME COURT OF THE STATE OF NEW YORK

 2   COUNTY OF NASSAU : CRIMINAL TERM PART 41

 3   ------------------------------------------X
     THE PEOPLE OF THE STATE OF NEW YORK     : Indictment No.
 4                                           :   01916N-09
             -against-                       :
 5                                           :
     TROY TOTESAU,                           :
 6                                           :
                         Defendant.          :
 7   ------------------------------------------X

 8                   -SENTENCE MINUTES-

 9
                                  February 7, 2011
10
                                  262 Old Country Road
11                                Mineola, New York

12   B E F O R E:

13      HONORABLE DAVID J. AYRES,
                Acting Supreme Court Justice
14

15   A P P E A R A N C E S:

16           HON. KATHLEEN M. RICE
                  Nassau County District Attorney
17           BY:  DARYL LEVY, ESQ., of Counsel
                  Assistant District Attorney
18                  For the People

19           DENNIS LEMKE, ESQ.
                  114 Old Country Road
20                Mineola, New York
                       For the Defendant
21

22              *         *         *

23
                                  CHRISTINE FREYEISEN
24                                Senior Court Reporter

25
```

PA 082124

1              THE CLERK:  On the motion calendar and on
2     the sentencing calendar, this is Indictment 1916N
3     of 2009, People versus Troy Totesau.
4              Appearances, please.
5              MR. LEVY:  ADA Daryl Levy.
6              Good afternoon, your Honor.
7              THE COURT:  Good afternoon.
8              MR. LEMKE:  For Mr. Totesau, Dennis Lemke,
9     114 Old Country Road, Mineola, New York.
10             Good afternoon, your Honor.
11             THE COURT:  Good afternoon.
12             THE CLERK:  You are Troy Totesau?
13             THE DEFENDANT:  Yes, ma'am.
14             THE COURT:  The matter appears for
15    sentencing today.
16             The motion has been addressed and doesn't
17    need to be addressed here on the record, so let's
18    proceed with sentencing please.
19             THE CLERK:  Troy Totesau, you appear here
20    for sentence under Indictment 1916N of 2009 with your
21    attorney, who sits besides you?
22             THE DEFENDANT:  Yes, ma'am.
23             THE CLERK:  Counselor, is your client ready
24    for sentence?
25             MR. LEMKE:  Your Honor, he is ready for

1 sentencing. Although he has expressed to me that
2 regarding, certainly on the motion calendar, in part I
3 could not adopt it in part because part of it is
4 addressing -- and am not here to go into it in great
5 detail regarding whether or not I had enough time over
6 the course of a month to prepare, and certainly I had
7 enough time, so I won't address that, that may be for
8 a different forum.
9     My client does indicate that since he
10 received the People's affirmation in opposition from
11 me this morning for the first time, it was mailed out
12 on February 4th, that he would first ask for an
13 opportunity for himself to reply to that, based upon
14 this Court's decision on that, then we would be ready
15 to proceed.
16     THE COURT: All right.
17     THE CLERK: Do the People wish to be heard?
18     MR. LEVY: Your Honor, yes.
19     The People submitted to the Court
20 previously, obviously, and defense counsel, a copy of
21 the People's affirmation and we will not be addressing
22 that further at this time.
23     With regards to sentencing, Judge, the
24 defendant was convicted of multiple B violent
25 felonies, as this Court is aware, sat through the

```
 1   entire trial as children and adults alike came in and
 2   testified and identified this defendant as being one
 3   of the perpetrators of the home invasion where those
 4   same children and adults were bound and robbed of
 5   property and money.
 6           Based on the seriousness of the crime and
 7   his conviction after trial, the People are asking that
 8   the defendant be sentenced to 25 years.
 9           We've also or we will be handing up to the
10   Court an order of protection after sentencing in favor
11   of the complainants in this case.
12           We are asking that restitution also be a
13   part of the sentencing in this case, Judge.
14           THE COURT: You're going to be asking for a
15   single order of protection on behalf of the family as
16   a unit?
17           MR. LEVY: That is correct, Judge. They're
18   all on one order of protection, as they are all family
19   members.
20           THE COURT: Thank you, Mr. Levy.
21           THE CLERK: Mr. Totesau, is there anything
22   you'd like to say before sentence?
23           THE DEFENDANT: No, ma'am.
24           MR. LEMKE: If I may, your Honor, as this
25   Court is aware, and as I think the probation report
```

1   indicates, my client not only has stood before this
2   Court maintaining his innocence to the probation
3   department, as well as through the report that was
4   provided to the Court.
5       However, there has been a jury verdict
6   convicting him of various counts and I'll only address
7   the sentencing at this time and let the proper courts
8   and proper jurisdiction handle any applications and
9   any motions to set aside the verdict on any type of
10  appellate grounds.
11      Obviously, your Honor, we stand here with a
12  wide range of sentencing for this Court, anywhere from
13  a max of 25 to a minimum of five years of
14  incarceration on the top count.
15      I think from the probation report itself it
16  clearly indicates that my client is 39 years of age,
17  married, has three children, your Honor.  That since
18  he's been here in the country, pursuant to a resident
19  green card, which was and still is I believe at this
20  time a valid document that provided Mr. Totesau the
21  ability to remain in the this country, to work and so
22  forth.
23      I think this Court needs to consider those
24  factors as well in determining what ultimately should
25  be the sentence.

1      We realize that the crime itself and the
2  conviction is for a very serious crime. We're aware
3  of that. I think, however, that this Court, in
4  balancing the max and in balancing the minimum that
5  this Court could sentence my client to, what I think
6  somewhere in the middle, whether it's ten years or
7  twelve years, I think would certainly suffice.
8      I think clearly, not that it should really
9  be a concern to the Court, there will certainly be a
10 detainer filed through the Department of Immigration
11 and at some point he'll be deported based upon his
12 conviction, if it remains.
13     But I think for all of those reasons, the
14 fact that the incident itself, as horrific as it was,
15 fortunately did not lead to serious physical injury
16 for any of the participants in this crime --
17 emotionally I'm sure it's been traumatic and may
18 remain with them for some period of time -- but I
19 think in taking a look at the overall crime itself,
20 the time in which it occurred, over the course of that
21 twenty to twenty-five minutes, as horrific as it was,
22 fortunately they were not harmed, again, physically,
23 in that way, and I think that should account to this
24 Court in rendering some type of decision.
25     The legislature allows for a very wide range

1   of sentencing, a minimum of five years to twenty-five.
2   I can't think of something in which the Court can
3   balance, other than my client's lack of prior history,
4   the time here in the country, family and those
5   situations, to look at in tolling sentence here today.
6           Thank you, your Honor.
7           THE COURT:  Thank you, Mr. Lemke.
8           THE CLERK:  Mr. Totesau, anything you'd like
9   to say?
10          THE DEFENDANT:  No, ma'am.
11          THE CLERK:  Give your attention to the
12  Court.
13          THE COURT:  Mr. Totesau, I had the
14  opportunity, not only to sit through the entire trial
15  but to review your motion papers, and quite honestly,
16  I couldn't disagree with you more.  The evidence of
17  your guilt was overwhelming and I was, quite frankly,
18  surprised that the jury took as long as they did to
19  convict you.
20          I can't give you enough time for the crimes
21  that you're charged with, in my opinion, for what you
22  did to these children and the woman who was involved
23  and the father, terrorized by you and your
24  codefendants, both those that were captured and those
25  that still remain at large.

1    So it is without reservation that I sentence
2    you on the Class B violent felonies, for which you
3    stand convicted, two counts of robbery in the first
4    degree, two counts of burglary in the first degree, to
5    a determinate term of 25 years in the custody of the
6    New York State Department of Corrections to be
7    followed by a period of five years post-release
8    supervision.
9         Upon your conviction for robbery in the
10   second degree, Class C violent felony, I'm imposing a
11   15 year determinate term with a five year post-release
12   supervision period.
13        For the four counts of attempted assault in
14   the second degree, one for each complainant who was
15   home and subjected to your reign of terror, you are
16   hereby sentenced to one-and-a-third to four years on
17   each of those counts.
18        And finally, a one year term on each of the
19   Class A misdemeanors of unlawful imprisonment.
20        All sentences are to run concurrently with
21   one other.
22        I'm not going to impose any fine.
23        I will impose a mandatory $300 surcharge,
24   $25 crime victims' assistance fee and $50 DNA fee.
25   You'll be required to provide a sample of your DNA.

1    That money will be collected by way of civil judgment.
2    As will a $35,000 civil judgment representing your
3    one-half share of the unrecovered proceeds of this
4    crime.  That will also be by way of civil judgment.
5            I will sign a permanent order of protection
6    that directs you to stay away from the Shah family,
7    each and every member; Syed Shah, Syed Bukiari Shah,
8    Zarian Shah and Syed Hussein Shah.
9            You are not to have any contact or
10   communication with them whatsoever.  And this order
11   will remain in effect until August the 13th of the
12   year 2042.
13           MR. LEMKE:  Your Honor, my only concern with
14   that is, I realize through the trial there was
15   testimony regarding how much currency was taken.  My
16   understanding also was there was close to $7,000
17   recovered that is in the possession of the Nassau
18   County Police Department and/or Nassau County District
19   Attorney's office, that should offset the 70,000 that
20   initially was taken.
21           THE COURT:  You're right, it should.  I will
22   reduce his share by $3500.
23           So that will be a civil judgment on behalf
24   of the complainants in this case in the amount of
25   $31,500, which would represent credit for the offset

```
 1    of the $7,000 recovered.
 2              Thank you for reminding me of that.
 3              THE CLERK:  Mr. Totesau, you have the right
 4    to appeal from this sentence and these proceedings.
 5              If you wish to appeal, you must file your
 6    notice of appeal with the Clerk of this Court within
 7    thirty days.
 8              If you cannot afford a lawyer or the minutes
 9    of these proceedings, you may make application to the
10    Appellate Division, which will, upon being satisfied
11    that you cannot afford same, order that an attorney be
12    appointed and the minutes provided without any charge
13    to you.
14              Your lawyer is directed by the Court to
15    advise you in full and to take the steps necessary
16    indicated by you in this regard.
17              MR. LEMKE:  I will do so.
18              THE CLERK:  Let the record reflect the
19    defendant is being served a copy of the order of
20    protection (handing).
21              Did you receive that, sir?
22              THE DEFENDANT:  Yes.
23              THE CLERK:  Defense counsel being served a
24    copy (handing).
25              District Attorney's office being served two
```

1       copies (handing).

2               MR. LEVY:   Receipt acknowledged.

3               MR. LEMKE:   Acknowledge receipt.

5                   *           *           *

6   The foregoing is hereby certified to be a true and accurate

7   transcript of the proceedings as transcribed from the

8   stenographic notes.

                        CHRISTINE FREYEISEN
                        Senior Court Reporter